JULIUS CURLIANIS *vs.* PATRICK J. REID & another.

Norfolk.    January 17, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Conversion.  Waiver.*

In an action for the alleged conversion of a horse belonging to the plaintiff, which he entrusted to the defendant to sell for a certain price, the defendant agreeing to make no charge for board in consideration of the plaintiff's agreement to let him use the horse in his business, there was evidence that the plaintiff had made many demands for the return of the horse without obtaining it and that at all times he had insisted on such return, and the presiding judge refused to rule at the request of the defendant that there had been a waiver by the plaintiff of his demand for the return of the horse. *Held,* that the refusal of the judge was right.

TORT for the alleged conversion of a horse belonging to the plaintiff, with originally a count in contract, which was waived by the plaintiff at the trial.   Writ dated September 23, 1912.

In the Superior Court the case was tried before *King,* J.   At the close of the evidence, which is described in the opinion, the defendants asked the judge to rule that there had been a waiver of the demand by the plaintiff for the return of the horse.   The judge refused so to rule, and the defendants excepted to the refusal.

The judge instructed the jury that there was evidence of repeated demands for the return of the horse made by the plaintiff; that it was for the jury to say on all the evidence whether or not there had been a waiver of demand; whether the February, 1912, interview between the parties was before February 10, which was the date of the alleged sale at Worcester, or on February 20; and whether the plaintiff at any interview in February had waived his demand; that, if the jury were satisfied on all the evidence that the defendants had practised deception or had resorted to misrepresentation or untruthful statements in meeting the demands made by the plaintiff for the return of the horse, there could be no waiver

based upon any assent, implied or expressed, resulting from such deception or misrepresentation. There was no exception to any part of the judge's charge.

The jury returned a verdict for the plaintiff in the sum of $378.50; and the defendants alleged exceptions.

The case was submitted on briefs.

*J. G. Bryer,* for the defendants.

*J. F. O'Connell, D. T. O'Connell & J. E. O'Connell,* for the plaintiff.

CROSBY, J. This is an action for conversion. There was evidence to show that the plaintiff purchased a horse at a sheriff's sale on May 23, 1911, and that on the same day the horse was brought by the plaintiff to the premises of his brother-in-law, the defendant Preskenis, who agreed that he might be kept there; that afterwards on the same day the defendant Reid stated to the plaintiff that the horse was worth at least $350, that he thought he could effect a sale at that price, and that if the plaintiff would consent to his taking the horse to his (Reid's) stable and using him in his business, he would effect a sale and make no charge for board; and that the plaintiff assented to this arrangment. There was also evidence that Preskenis was in the employ of Reid and that both defendants acted together in the control of the horse.

The plaintiff testified that he made repeated demands upon each of the defendants between May 23, 1911, and February 20, 1912, for the return of the horse, but did not succeed in obtaining possession of his property. That such demands were so made does not seem to have been disputed by the defendants, each of whom testified that the horse was sold by Reid for $125 with the knowledge and assent of the plaintiff.

At the close of the evidence the defendants requested the judge to rule that there had been a waiver by the plaintiff of the demand for the return of the horse. The judge refused so to rule, and the defendants excepted.

This ruling properly could not have been given upon the evidence. Whether there was a waiver by the plaintiff of previous demands was a question for the jury, and as no exception was taken to the charge, it is to be assumed that the question was submitted with appropriate instructions. There was ample evidence that the plaintiff made many demands for the return of his property

without obtaining it, and that he at all times insisted upon such return and never waived his rights under the demands so made.

*Exceptions overruled.*